ANGELA FIDUCIA, AN INFANT, BY HER NEXT FRIEND, ET AL., RESPONDENTS, v. MORRIS MAGENHEIM AND MAX DRILL, DEFENDANTS-APPELLANTS.

LEONARD CORRA, BY HIS NEXT FRIEND, RESPONDENT, v. MORRIS MAGENHEIM AND MAX DRILL, DEFEND-ANTS-APPELLLANTS.

Argued May 1, 1945—Decided July 30, 1945.

Before BROGAN, CHIEF JUSTICE, and Justice PARKER.

For the appellant Magenheim, *Edward R. McGlynn.*

For the appellant Drill, *R. Robinson Chance.*

For the respondents, *William H. D. Cox.*

The opinion of the court was delivered by

PARKER, J.   These are actions for damages sustained by pedestrians on a public sidewalk, by reason of the fall of the cornice of a three story frame building situate on the easterly corner of Monroe and Ferry Streets in Newark.   The build-

ing had been badly damaged by a fire. In that condition it was purchased by defendant Magenheim, who contracted with defendant Drill for restoration and repairs. While the work was in progress, the front sidewalk remained open for use by pedestrians, though no "sidewalk shed" which is often provided in such cases, had been provided. The plaintiffs were passing along the sidewalk, when the front cornice, or part of it, suddenly fell, injuring them severely. The complaints charge negligence, based substantially upon failure to observe the dangerous condition of the cornice, and failure to take suitable measures for the protection of sidewalk users, by providing a proper "sidewalk shed," or similar structure, to intercept falling fragments of the damaged building. The trial court denied motions to nonsuit, and motions to direct verdicts against the plaintiffs, and submitted the cases to the jury, who found verdicts for the respective plaintiffs, and the judgments thereon are now before us. In both cases error is assigned on the refusals to nonsuit and to direct a verdict for defendant. In the appeals of Drill, there are twenty-one additional grounds, which will be considered later on.

First, the submission of the cases to the jury. As regards the contractor Drill, who was in possession and control at the time of the accident, we consider that the question of his negligence was clearly for the jury both when the plaintiff rested and at the conclusion of the evidence. As to the owner Magenheim, while the case is not so clear, we think that on the evidence he could be held liable on the theory of maintaining a nuisance if, as the jury could find, the cornice was in a dangerous condition and liable to fall at any time. See *State* v. *Ireland,* 126 *N. J. L.* 444. Moreover, the liability for a nuisance continues until it is abated, notwithstanding that a contractor has been employed to abate it. It follows that there was no error in submitting the case to the jury as regards either defendant; and this leads to an affirmance on the appeal of Magenheim, who submitted no evidence, and whose only claim at this time is that the court erred in refusing to nonsuit or direct a verdict in his favor.

As to defendant Drill: he was the general contractor for the work, and as such owed a duty of care to the public using

the sidewalk. On his behalf, some twenty-three grounds of appeal are presented and argued. The first two, refusal to nonsuit and refusal to direct a verdict, have already been considered. Grounds 3 to 12 inclusive relate to the refusal of the trial judge to charge certain requests, viz.: Nos. 3, 4, 5, 6, 8, 11, 13, 14 and 15.

Request No. 3 we think is fairly covered by the general substance of the charge that the jury could not have been left unaware that the two defendants were separately charged with separate duties and responsibilities. The charge seems to be specific in this regard. These considerations apply also to requests 4, 5 and 6.

Request No. 8 we think was adequately covered. The same may be said as to request No. 11 with regard to the condition of the building and cornice as a nuisance.

Request No. 13 was clearly implicit in the general instruction to the jury.

Request No. 14 was properly refused as it entirely ignored the obvious duty of Drill, the contractor, in undertaking the repairs of a badly damaged building, including the cornice, to use proper care in seeing to it that pedestrians passing on the sidewalk should have reasonable protection from falling objects.

The fifteenth request was also properly denied, as it rested on the assumption, which we think altogether erroneous, that no duty as to the sidewalk shed existed unless the same was specifically ordered by the municipal authorities. This request, of course, entirely ignored the general duty of using due care.

So much for the refusal of requests to charge.

The third general point made is the exclusion of testimony claimed to be material and competent, and offered on behalf of appellant Drill. The questions objected to by counsel for plaintiffs and excluded by the court related to what was described as "customary practice" pursued in repairing a damaged building when there was danger of falling objects striking the passer-by. The municipal regulation had already been read in evidence on the plaintiff's case, and is as follows: "Paragraph 1: Whenever any structure (or part thereof)

within ten feet of a street line is to be erected or razed or whenever such structure is to be demolished the owner or person causing such work to be done shall erect and maintain during such work a substantial shed over the sidewalk in front of said building as required by the regulations of the Department of Public Works. Such sheds shall remain in place until the structure is completed or the building is enclosed or, in case of demolition, until the structure has been reduced to within 20 feet in height. Every such shed shall be properly lighted at night." An examination of the several questions excluded indicates that these were either aimed at exhibiting a practice of builders contrary to the requirements of the ordinance, or were based on unwarranted assumptions of fact; and consequently the court's rulings in overruling them were in no way erroneous.

Finally it is argued that the claims against Magenheim and the claims against Drill are based on separate causes of action, viz., nuisance in one aspect, and negligence in abating it, in another. Whatever may be the merit of this claim, if any, we think it is made too late after trial, verdict and judgment.

The judgments under review will be affirmed, with costs.